## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **ALEXANDER ROBIN** | **CASE NO.: 2:21-cv-4294** |
| **VERSUS** | |
| **BRANDON EKLEBERRY, CENTRAL PONY EXPRESS, INC., SENTRY SELECT INSURANCE COMPANY AND PROGRESSIVE PALOVERDE INSURANCE COMPANY** | **JUDGE:** <br><br> **MAGISTRATE:** |

### DEFENDANT'S NOTICE OF REMOVAL OF ACTION

TO:   HONORABLE JUDGES
      UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF LOUISIANA
      LAKE CHARLES DIVISION

Brandon Ekleberry, Central Pony Express and Sentry Select Insurance Company, defendants in the above captioned case, appearing herein through undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

Co-defendant Progressive Paloverde Insurance Company has been contacted and consents to the removal of this matter. It will file its own Notice of Consent.

1.

On, October 13, 2021 a Petition for Damages was filed by Alexander Robin in the 14th Judicial District Court for the Parish of Calcasieu, bearing Docket No. 2021-4343 "G".  A copy of the Petition for Damages filed with the 14th Judicial District

Alexander Robin vs. Brandon Ekleberry, et al
United States District Court / Western District of Louisiana / Lake Charles Division
Defendant's Notice of Removal of Action
1 of 10

Court, along with the entire state court suit record, is attached to the Notice of Filing and Certificate of Removing Defendants as Exhibit A.

## **FEDERAL JURISDICTION**

### **Removal Pursuant to 28 U.S.C. §1332**

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiffs and all properly joined defendants, with the requisite amount in controversy being present for the claims, as Mr. Robin presents them.

### **Complete Diversity Exists as to All Properly Joined Parties**

3.

Upon information and belief, the plaintiff, Alexander Robin, is domiciled in Calcasieu Parish and is a citizen of the State of Louisiana.

4.

Defendant Central Pony Express, Inc. is a corporate entity of the State of Texas where it is both incorporated and maintains its principal place of business. Plaintiff requested service of the state court petition through the Louisiana Long-Arm Statute, La. R. S. 13:3201, 13:3204 on October 13, 2021 but there is no record of it actually being served.  On information and belief this defendant has not been served with the suit.  However, undersigned counsel will represent Defendant Central Pony Express, Inc. and, on its behalf, hereby consents to and joins in this removal.

**Alexander Robin vs. Brandon Ekleberry, et al**
**United States District Court / Western District of Louisiana / Lake Charles Division**
**Defendant's Notice of Removal of Action**
**2 of 10**

5.

Defendant Brandon Ekleberry is a citizen of the State of Texas. Plaintiff requested long-arm service upon him on October 13, 2021 but there is no record of service being made. On information and belief this defendant has not been served with the suit.  However, undersigned counsel will represent Defendant Brandon Ekleberry and, on his behalf, hereby consents to and joins in this removal.

6.

Defendant Sentry Select Insurance Company is a corporate entity of the State of Wisconsin, where it is both incorporated and maintains its principal place of business. Service of the state court Petition through the Louisiana Long-Arm Statute, La. R. S. 13:3201, 13:3204 was made on November 22, 2021.

7.

Progressive Paloverde Insurance Company is a corporate entity foreign to Louisiana. It is domiciled in Indiana and has its principal place of business in Ohio. Therefore, Progressive Paloverde Insurance Company is a citizen of both Indiana and Ohio.

**The Requisite Amount in Controversy Is Present**

8.

This lawsuit, and the claims for damages contained therein, stem from an automobile accident that occurred on October 29, 2020 when the vehicle operated by Alexander Robin was allegedly rear-ended by the vehicle operated by Brandon Eckleberry.

**Alexander Robin vs. Brandon Ekleberry, et al**
**United States District Court / Western District of Louisiana / Lake Charles Division**
**Defendant's Notice of Removal of Action**
**3 of 10**

9.

As a result of the aforementioned accident, Mr. Robin's suit alleges that he has suffered "serious and disabling injuries" which included acute injuries to his "neck, back, head, arms, hands, legs, general soreness to his entire body and any and all other injuries to be shown upon trial of this matter."  Mr. Robin's Petition also alleges that he "suffered the following damages:

A.      Physical pain and suffering - past, present, and future;

B.      Mental pain, anguish, and distress - past, present, and future;

C.      Medical expenses - past, present, and future;

D.      Loss of enjoyment of life - past, present, and future;

E.      Disability, past, present and future;

F.      Impairment of earning capacity- past, present, and future."

(Please see Petition for Damages).

10.

The United States Court of Appeals for the Fifth Circuit has held that "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638-39 (5th Cir. 2003) (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). This burden may be fulfilled in two ways. First, jurisdiction is proper if "it is facially apparent" from the plaintiff's complaint that the plaintiff's "claims are likely above [$75,000]." Allen v. R & H Oil and Gas, 63 F.3d 1326, 1335. Second, if the value of the claims is not apparent, the defendant "may support federal

Alexander Robin vs. Brandon Ekleberry, et al
United States District Court / Western District of Louisiana / Lake Charles Division
Defendant's Notice of Removal of Action
4 of 10

jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." Id.

11.

It is "facially apparent" from the Petition that Robin's claims exceed $75,000. The United States Fifth Circuit Court of Appeal has consistently held that where "plaintiff either alleged specific, quantifiable categories of severe damages or otherwise alleged permanent injuries," it is facially apparent that the claims exceed $75,000. Outlaw v. Cortez, No. CV 19-462-JWD-RLB, 2019 WL 5849703, at *5 (M.D. La. Oct. 23, 2019), report and recommendation adopted, No. CV 19-462-JWD-RLB, 2019 WL 5847838 (M.D. La. Nov. 7, 2019). For example, in Hernandez v. USA Hosts, Ltd., the Fifth Circuit held that the amount in controversy requirement was facially apparent in a tort action where the plaintiff fell while boarding a shuttle bus. Hernandez v. USA Hosts, Ltd., 418 F. App'x 293, 294 (5th Cir. 2011). There, the plaintiff alleged that she sustained serious personal injuries to her back, knees, shoulder and body as a whole, including but not limited to aggravation of pre-existing conditions, which have caused substantial physical pain and suffering; mental anguish; emotional distress; medical expenses; loss of enjoyment of life; lost wages; property damage; and other elements of damages which will be demonstrated at the trial of this matter.  Id. Further, Plaintiff alleged that her losses were "permanent, or continuing in nature," and that she would "suffer losses in the future." Id.

See also Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000)(holding that the amount in controversy was facially apparent where the plaintiff claimed damages for "medical expenses, physical pain and suffering, mental anguish

**Alexander Robin vs. Brandon Ekleberry, et al**
**United States District Court / Western District of Louisiana / Lake Charles Division**
**Defendant's Notice of Removal of Action**
**5 of 10**

and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" resulting from "injuries to her right wrist, left knee, patella and upper and lower back"); Pollet v. Sears Roebuck & Co., 46 F. App'x 226, *2-3 (5th Cir. 2002)(holding that the amount in controversy was facially apparent where the plaintiff claimed "serious and painful injuries . . . to her face, left elbow, left hand, and tail bone" as a result of her fall, and that she "ha[d] sustained residual and permanent disabilities and impairments").

In the case at bar, the Plaintiff Mr. Robin alleges that the motor vehicle accident caused "serious and disabling injuries to various parts of his body". Further, Robin alleges he suffered " past, present, and future mental and physical pain and suffering; past, present, and future medical expenses; past, present, and future mental and emotional distress; loss of enjoyment of life and an impairment of earning capacity.   As in Hernandez, Plaintiff has alleged both permanent damages and specific categories of severe damages that make it "facially apparent" that the amount in controversy exceeds $75,000. Accordingly, the jurisdictional threshold amount is met.

In Mills v. Academy Ltd., case number 3:20-CV-01497 in the Monroe Division of the Western District on February 25, 2021, held in a similar matter that the following claimed damages were sufficient to make it facially apparent that the Plaintiff's claims exceeded the $75,000 threshold for diversity.

Plaintiff alleges that "Defendant Academy, Ltd., is liable for the damages she sustained in her fall, including "severe and disabling injuries to her left foot," and the following particulars:

**Alexander Robin vs. Brandon Ekleberry, et al**
**United States District Court / Western District of Louisiana / Lake Charles Division**
**Defendant's Notice of Removal of Action**
**6 of 10**

a)      Past, present, and future mental and physical pain and suffering;

b)      Past, present, and future medical expenses;

c)      Past, present, and future mental and emotional distress;

d)      Permanent damage and disability;

e)      Loss of enjoyment of life;

f)      Loss of consortium;

g)      Lost wages and/or economic opportunity, past present, or future; and

h)      Such other elements of damages which will be more fully shown at the trial on the merits."

Mills v. Acad. Ltd. (W.D. La. 2021)

As this Court can readily observe, the damages allegations in the instant matter are virtually identical with those in Mills with the exception that Mills asserted a loss of consortium claim and included lost wages as well as future economic opportunity loss while Robin alleges impairment of earning capacity- past, present, and future.

12.

Further, pursuant to the mandate of Article 893 of the Louisiana Code of Civil Procedure, the plaintiff in the case at bar, Mr. Robin, did not include a specific dollar demand in the lawsuit.  However, the same article 893 expressly states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of the federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim excess or is less than the requisite amount is required." Analysis of Mr. Robin's petition reveals that he has not included such a limitation on

Alexander Robin vs. Brandon Ekleberry, et al
United States District Court / Western District of Louisiana / Lake Charles Division
Defendant's Notice of Removal of Action
7 of 10

the amount of money being demanded.  Mr. Robin, therefore, undertook no effort to eliminate diversity jurisdiction by limiting his demand to less than $75,000.00, as he was entitled to do pursuant to the express provisions of Art. 893 of the Louisiana Code of Civil Procedure.

13.

On numerous occasions, this Honorable Court has held when a plaintiff's state court Petition fails to allege that damages are "insufficient to satisfy the federal jurisdictional minimum, plaintiffs have, in effect, conceded by their state court pleadings that the requisite jurisdictional amount is in controversy. This creates a **'strong presumption'** in favor of jurisdiction." Bruce v. Fisher, 06-0840, 2006 WL 2505908, at 1 (W.D. La. July 13, 2006). *See also* Maxwell v. Lesnick, 1:16-CV-00300, 2016 WL 4070239, at *2 (W.D. La. June 23, 2016), report and recommendation adopted, 16-CV-00300, 2016 WL 4059549 (W.D. La. July 28, 2016); Chambers Med. Found. v. Chambers, 2:05 CV 786, 2006 WL 1895479, at 2 (W.D. La. Jan. 23, 2006); Sonnier v. Republic Fire & Cas. Ins. Co., 06 1554, 2006 WL 3924238, at *1 (W.D. La. Nov. 22, 2006).  As further stated in the Sonnier case: ". . . if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id.*" Sonnier v. Republic Fire & Cas. Ins. Co., 06 1554, 2006 WL 3924238, at *1 (W.D. La. Nov. 22, 2006).

14.

Further, Robin made Progressive Paloverde Insurance Company, his uninsured motorist carrier, a defendant in this suit. By doing so, he tacitly admitted

**Alexander Robin vs. Brandon Ekleberry, et al**
**United States District Court / Western District of Louisiana / Lake Charles Division**
**Defendant's Notice of Removal of Action**
**8 of 10**

that his claim is worth more than $75,000 as federal regulations require Interstate carriers for trucks that weigh less than 10,000 pounds are required to have at least $300,000 in interstate truck liability insurance. For trucks that weigh more than 10,001 pounds, at least $750,000 in interstate truck liability insurance is required.

15.

At this early stage of the case, all issues in this matter remain in dispute.  As such, given the fact that Mr. Robin's lawsuit seeks a wide variety of damages, and that he has not availed himself of the procedural opportunity afforded by La. C.C.P. art. 893 to have limited his demand to a figure less than the diversity threshold, the requisite "amount in controversy" exists in this case.

**Venue**

16.

The plaintiff filed this lawsuit in the 14th Judicial District for Calcasieu Parish. Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

17.

Pursuant to 28 U.S.C. 1446(b)(2)(A), as shown by the signature of undersigned counsel, all defendants have joined in the removal of this action.

WHEREFORE, defendants, Brandon Ekleberry, Central Pony Express and Sentry Select Insurance Company, do hereby remove the above captioned case to the United States District Court for the Western District of Louisiana—Lake Charles Division.

**Alexander Robin vs. Brandon Ekleberry, et al**
**United States District Court / Western District of Louisiana / Lake Charles Division**
**Defendant's Notice of Removal of Action**
**9 of 10**

Respectfully submitted:

**RABALAIS & HEBERT**

*s/ Steven B. Rabalais*

_____
**STEVEN B. RABALAIS (#17100) T.A.**
**BLAKE COUVILLION (#37443)**
**MELVIN A. EIDEN (#19557)**
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone:  (337) 981-0309
Fax:  (337) 981-0905
**ATTORNEYS FOR DEFENDANTS,**
**BRANDON    EKLEBERRY,    CENTRAL**
**PONY  EXPRESS  AND  SENTRY  SELECT**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of December, 2021 a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system and has also been forwarded to all known counsel of record via electronic mail.

*s/ Steven B. Rabalais*

_____
**STEVEN B. RABALAIS**
**BLAKE T. COURVILLION**
**MELVIN A. EIDEN**

**Alexander Robin vs. Brandon Ekleberry, et al**
**United States District Court / Western District of Louisiana / Lake Charles Division**
**Defendant's Notice of Removal of Action**
**10 of 10**